UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH GARBARINI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. MENDIVIL, et al.,<br><br>　　　　Defendants. | 1:17-cv-00351-AWI-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 15.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

Ralph Garbarini ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 10, 2017. (ECF No. 1.) The court screened the Complaint and issued an order on October 3, 2017, dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 14.) On November 1, 2017, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 15.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Valley State Prison in Chowchilla, California. The events at issue in the First Amended Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants D. Mendivil (R.N.), R. Gill (M.D.), C. Ogbuehi (Physician's Assistant), McCabe (M.D.), and U. Williams (Health Care Appeals Coordinator) (collectively, "Defendants").

Plaintiff's allegations follow. Plaintiff suffers severe chronic pain caused by a non-repairable massive tendon tear in his right rotator cuff, degenerative disc disease and progressive arthritis in his right knee.

Plaintiff's degenerative disc disease was initially diagnosed in February 2009 by his physician at Salinas Valley State Prison (SVSP), who told Plaintiff his spine x-ray showed fairly severe degenerative disc disease.

Plaintiff's arthritis was initially diagnosed by his physician at SVSP in May 2011, using an x-ray. The arthritis pain has increased over the years. On November 21, 2013, Dr. Clark [not a defendant] at CSP told Plaintiff he suffered from progressive arthritis in his right knee. Dr. Clark recommended cortisone injections instead of a knee replacement because of the high risk of complications with knee replacements. Dr. Clark gave Plaintiff a cortisone injection in his right knee. Plaintiff wears a knee brace that provides support and reduces pain when he walks.

Plaintiff's tendon tear in his rotator cuff was diagnosed during rotator cuff surgery on July 11, 2013, at CSP. The surgery notes state that the cuff tear was massive, had re-ruptured, and was non-repairable.

On February 25, 2016, Plaintiff submitted a health care services request form stating that he continues to suffer severe chronic pain caused by his massive tendon tear, degenerative disc disease, and progressive arthritis in his right knee.

On February 26, 2016, Plaintiff saw defendant Nurse Mendivil. Plaintiff described his pain symptoms. Nurse Mendivil stated that Plaintiff was already scheduled to see a primary care physician soon.

On March 10, 2016, Plaintiff saw defendant, Dr. Gill, and explained his symptoms. Plaintiff requested Dr. Gill to provide him with effective treatment for the pain. Dr. Gill stated that Plaintiff's pain was being treated with Ibuprofen. Plaintiff stated that the Ibuprofen was not effectively treating his pain. Dr. Gill responded by stating that Ibuprofen was going to have to do, Plaintiff was not getting anything stronger, and Plaintiff will just have to learn to live with the severe chronic pain. Dr. Gill refused to effectively treat Plaintiff's severe chronic pain despite having actual knowledge of the pain.

Plaintiff submitted two more health care services requests on April 17 and April 25, 2016. In both requests, Plaintiff requested treatment for his pain.

On April 18 and 26, 2016, Plaintiff saw defendant Nurse Mendivil, described his symptoms, and requested effective treatment. During both visits defendant Mendivil stated to Plaintiff that Plaintiff saw Dr. Gill on March 10, 2016, who prescribed Ibuprofen to treat his pain. Plaintiff stated that the Ibuprofen did not effectively treat the high level of pain he was suffering. Defendant Mendivil told Plaintiff that Ibuprofen was all that he is going to get and he will just have to tuff it out. Defendant Mendivil refused to effectively treat Plaintiff's severe chronic pain despite having actual knowledge of his serious medical need.

Plaintiff continued to suffer pain and submitted four separate requests to see a primary care physician for effective treatment of his serious medical need. Defendant Mendivil refused to schedule Plaintiff for another appointment with a primary care physician, as Plaintiff requested.

On July 5, 2016, Plaintiff filed health care appeal log# COR HC 16060831 ("831") stating that Nurse Mendivil had repeatedly refused him an appointment to see his primary care physician. Plaintiff attached copies of the four supporting documents to the appeal showing that he had submitted four separate requests to see a primary care physician and was repeatedly denied an appointment by defendant Mendivil. In the appeal Plaintiff requested an appointment to see a primary care physician.

On July 9, 2016, four days after he had filed appeal #831, Plaintiff saw acting primary care physician, defendant Physician Assistant Ogbuehi, at 3C Yard medical. Plaintiff stated his symptoms and began to request treatment but was interrupted by defendant Ogbuehi, who stated he would only be addressing Plaintiff's lab results and ace wrap issue, not Plaintiff's chronic pain. Plaintiff tried again to request treatment for his pain but defendant Ogbuehi refused to listen. Plaintiff left the visit suffering severe chronic pain.

On July 20, 2016, after being repeatedly refused effective treatment by defendants Mendivil, Gill, and Ogbuehi, Plaintiff submitted health care appeal log# COR HC 16060870 ("870").

On July 28, 2016, Plaintiff was interviewed by Nurse Practitioner Hernandez [not a defendant] regarding Plaintiff's appeal #831, wherein Plaintiff states that he was repeatedly

refused an appointment to see a primary care physician. Plaintiff stated that four days after he filed appeal #831, he was seen by acting primary care physician Obguehi, making appeal #831 moot. Plaintiff left the visit suffering severe chronic pain.

On July 29, 2016, defendant U. Williams cancelled appeal #870, incorrectly stating that the appeal duplicated appeal #831.

On August 3, 2016, Plaintiff submitted a second level response in appeal #870, stating that appeals #831 and #870 addressed different and separate issues. Defendant Williams did not respond.

On August 5, 2016, Plaintiff submitted health care appeal COR HC 16060987 ("987") where he requested effective treatment and provides a concise explanation of how appeal #987 addresses different and separate issues than appeal #831.

On August 11, 2016, defendant Appeals Coordinator Williams cancelled appeal #987, incorrectly stating that it was duplicative of appeal #831.

On August 16, 2016, defendant McCabe responded to appeal #831, incorrectly stating that Plaintiff's pain issues were addressed during his July 28, 2016 interview regarding appeal #831.

Plaintiff requests punitive damages.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697

F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Preschooler v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.    **Appeals Process**

Plaintiff's allegations against defendants C. McCabe and U. Williams pertain to their review and handling of Plaintiff's inmate appeals. Actions in reviewing a prisoner's administrative appeal generally cannot serve as the basis for liability in a section 1983 action, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), because "inmates lack a separate constitutional entitlement to a specific prison grievance procedure," Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). "[A prison] grievance procedure is a procedural right only, it does not confer any

substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) accord Buckley, 997 F.2d at 495; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Moreover, the argument that anyone who knows about a violation of the Constitution and fails to cure it has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir. 2005) accord George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir. 1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir. 1996); Haney v. Htay, No. 1:16-CV-00310-AWI-SKO-PC, 2017 WL 698318, at *4–5 (E.D.Cal. Feb. 21, 2017).

Thus, Plaintiff's allegations that defendants C. McCabe and U. Williams failed to properly process his appeals fail to state a cognizable claim. Therefore, the court finds that Plaintiff fails to state a claim against any of the Defendants for the processing of his appeals.

### B. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible

medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff alleges that defendants Mendivil (Nurse), R. Gill (M.D.), and C. Ogbuehi (Physician's Assistant) refused to give him pain medication stronger than Ibuprofen, or refer him to another physician, leaving him to suffer severe pain, and nurse Mendivil met with Plaintiff three times and referred him to the M.D. for treatment. Dr. Gill saw Plaintiff but

///

refused to prescribe pain medication stronger than Ibuprofen. The Physician's Assistant met with Plaintiff, but made it clear to Plaintiff that the appointment was not for pain issues.

The court finds that Plaintiff has demonstrated that he had serious medical needs as he suffers chronic pain due to arthritis, degenerative disc disease, and a torn rotator cuff. However, Plaintiff has not shown that any of the Defendants acted with deliberate indifference to his needs. Plaintiff was prescribed the pain medication Ibuprofen, and upon his multiple requests, Plaintiff met with defendants Mendivil and Gill, who both refused to replace the Ibuprofen with stronger medication. Defendant Ogbeuhi met with Plaintiff but did not address his pain because the appointment was only for lab results and an ace bandage issue.

Under Plaintiff's allegations, Defendants were attentive to Plaintiff and addressed his medical conditions. Plaintiff has not shown that the course of treatment chosen by medical personnel was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to Plaintiff's health. Therefore, Plaintiff alleges at most a difference of opinion between Plaintiff and prison medical authorities regarding his treatment, which does not give rise to a § 1983 claim. Accordingly, the court finds that Plaintiff fails to state an Eighth Amendment medical claim against any of the Defendants.

**V.     CONCLUSION AND ORDER**

The court finds that Plaintiff's First Amended Complaint fails to state any claim upon which relief may be granted under § 1983. The court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;

///

2. This dismissal be subject to the "three-strikes" provision of 28 U.S.C. § 1915(g); and

3. The Clerk be ordered to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2018**　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE